UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-282 (PLF) |
| | : | |
| v. | : | |
| | : | **FILED** |
| LARRY POOLE | : | OCT - 3 2007 |
| | | NANCY MAYER WHITTINGTON, CLERK |
| | | U.S. DISTRICT COURT |

## GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I. ELEMENTS OF THE OFFENSE:

A. The essential elements of the offense of Attempting to Entice a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b) are:

i. That the defendant used a facility or means of interstate commerce, that is, the telephone or the Internet;

ii. That the defendant used the telephone or the Internet to knowingly attempt to persuade or induce or entice or coerce a person who the defendant believed to be under eighteen years of age, to engage in sexual activity; and

iii. That the sexual activity would violate a law, in this case: 22 District of Columbia § 3008, which makes it illegal for anyone, being at least four years older than a child, to engage in a sexual act with that child or to cause that child to engage in a sexual act.

B.     The essential elements of the offense of Possession of Material Involving Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5) and 2256 are:

     i.     That the Defendant knowingly received or possessed an item or items of child pornography, and

     ii.     That such item[s] of child pornography had been transported, shipped, or mailed in interstate or foreign commerce, including by computer.

C.     Definitions:

     i.     The term *child pornography* means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct or such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

     ii.     The term *minor* means any person under the age of eighteen (18) years.

     iii.     The term *identifiable minor* means a person who was a minor at the time the visual depiction was created, adapted, or modified or whose image as a minor was used in creating, adapting or modifying the visual depiction and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature; provided that the Government is not required to prove the actual identity of the identifiable minor.

  iv. The term *visual depiction* includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

II. <u>COPY OF THE PLEA AGREEMENT</u>:

A copy of the plea agreement, not yet executed by the defendant, is attached.

III. <u>PENALTIES</u>:

 A. Pursuant to 18 United States Code § 2422(b), Attempting to Entice a Minor to Engage in Sexual Activity carries a minimum sentence of 5 years imprisonment and a maximum sentence of 30 years imprisonment.

 B. Pursuant to 18 United States Code § 2252A(b)(2), Possession of Material Involving Child Pornography carries a maximum sentence of 10 years imprisonment.

IV. <u>FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA</u>:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

On July 27, 2006, Metropolitan Police Detective Timothy Palchak went online in an undercover capacity as part of a multi-jurisdictional Internet Crimes Against Children ("ICAC") Task Force. Detective Palchak was operating out of the ICAC satellite office in Washington, D.C. Detective Palchak used the screen name "daddysgrldc" while online.

Defendant Larry Poole, using the screen name "lkrnson1" initiated contact with "daddysgrldc" in a private Yahoo chatroom and online internet communications between the defendant and "daddysgrldc" ensued. The defendant initiated the online communication at 12:35

pm. The defendant and "daddysgrldc" communicated in this online "chat" using instant text messages (IMs). The online communication continued for approximately two hours. During the course of the online communication, Detective Palchak identified himself as a thirteen year-old female residing in the District of Columbia and sent the defendant a photograph via the internet of a young child who was wearing a bathing suit with a panda bear on the chest. The defendant thought that the photograph was a picture of "daddysgrldc." The defendant responded to this photo by telling "daddysgrldc" "u look sexy" and "wish I were a panda bear." Later during the internet chat the defendant said "I love to see under the panda."

The defendant made the following statements to "daddysgrldc" during the online chats:

- im glad u r a virgin
- nvr had oral sex?
- wish I could be the first
- ud be ruined for the other guys
- u'd be wobbling for a few hrs
- legs would.t be working right

The defendant also told "daddysgrldc" that he didn't "need to fuck [her] the first time" and that they could "just start with cuddling and petting . . . oral" Further, the defendant asked "daddysgrldc" if she was hairy and asked her how big her breast were.

During the online communication "daddysgrldc" told the defendant that her mother left for work at 2 or 3 pm, and that she would be home alone after that time. The defendant made arrangements to meet "daddysgrldc" in front of 1317 Adams Street, NE, in Washington, DC, at 4:00 pm on July 27, 2006. The defendant told "daddysgrldc" that he would be driving a small

white pick-up truck. At approximately 4:30 p.m. on July 27, 2006, the defendant arrived in front of 1317 Adams Street, NE, in Washington, DC. The defendant arrived in a small white pick-up truck. The defendant was stopped and placed under arrest, at which time he waived his <u>Miranda</u> rights and provided a videotaped statement in which he admitted that he had traveled from Westminster, Maryland, into Washington, DC, for the purpose of meeting "daddysgrldc." The defendant used his computer to persuade, induce, and entice a minor to engage in prohibited sexual conduct. When the defendant used his computer to communicate with "daddysgrldc" on July 27, 2006, he was using the internet, which is a vehicle of interstate commerce.

    The defendant agreed to permit law enforcement to search his home at 24 Webster Street, in Westminster, Maryland. Later on July 27, 2006, law enforcement officers searched the defendant's home at 24 Webster Street, in Westminster, Maryland, and seized the following items: Philips PC Camera, Dell Inspiron P-3 2500 Model PP02L, Kodak DX3600 with serial number KJCAJ12605182, two 64 mb PNY CF Memory Cards, 1 64 mb Memorex CF Memory Card, VHS tape entitled "Teenage Rape," HP 9600 P-3 with serial number GFDM49120694A, Canon EOS Digital Camera, and SawDisk 64 mb CF Memory Card. Detective Timothy Palchak later obtained a search warrant to search the Dell Inspiron computer that was seized from the defendant's home. During the execution of that warrant, United States Attorney's Office Criminal Investigator John Marsh located twenty-seven images of child pornography on the defendant's computer. At least six of those images involved prepubescent minors or minors who had not attained the age of twelve years. All the images located on Poole's computer were taken to the National Center for Missing and Exploited Children (NCMEC), where they were compared with NCMEC's Child Recognition & Identification System (CRIS). The analysis

resulted in six of the of the images being identified as known minor victims of child abuse. The defendant used his computer to possess and receive each of image of child pornography that was found on his computer.

At the time Larry Poole committed the offenses described above, he had a 2004 Maryland conviction for child abuse, he was on probation for that conviction, and he was listed on the national sex offender registry.

### Limited Nature of Proffer

This proffer of evidence is not intended to constitute a complete statement of all facts known by Larry Poole or the government, but is instead a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The facts either were provided by Poole or were otherwise known to the government. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for Poole's plea of guilty.

Respectfully submitted,

Jeffrey A. Taylor
United States Attorney
Bar No. 498610

Catherine K. Connelly
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20001

## DEFENDANT'S ACCEPTANCE

I have read the above proffer and have discussed it with my attorney, Tony Miles, Esquire. I fully understand the proffer and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully. I am pleading guilty because I am in fact guilty of the offenses describe above.

Date: 10/3/06

Larry Poole
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence as to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 10/3/06

Tony Miles, Esq.
Counsel for Larry Poole