IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-282 (PLF) |
| | : | |
| **LARRY POOLE** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM IN AID OF SENTENCING

Defendant Larry Poole, through counsel, respectfully submits the following Memorandum in aid of his sentencing.

1. On January 9, 2007, Larry Poole will come before this Court to be sentenced pursuant to his guilty plea to Attempted Enticement (18 U.S.C. § 2422(b)) and Possession of Material Involving Child Pornography (18 U.S.C. § 2252A(a)(5). According to the Pre-Sentence Report (PSR) prepared by the United States Probation Office, Mr. Poole's Total Offense Level under the United States Sentencing Guidelines is 25 and his Criminal History Category is category II. The PSR concludes that Mr. Poole's sentencing guideline range is 63 to 78 months. Mr. Poole agrees with the guideline calculations in the PSR.

2. When considering the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), Mr. Poole submits that a sentence of 63 months is the most reasonable sentence in this case.[1]

---

[1] The defense anticipates that the government will join Mr. Poole's request that he be sentenced to a period of 63 months based on the plea agreement between the parties. In the plea agreement, the government agreed that it "will seek a sentence at the low end of the defendant's

**ARGUMENT**

**I.   THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 125 S.Ct. 738 (2005). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as one, among several, sentencing factor.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a) – which were explicitly endorsed by the Supreme Court in Booker – sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

---

applicable guidelines range." Plea Agreement, ¶ 8.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. After Booker, courts need not justify sentences outside the guideline range by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may exercise their discretion in individual cases and impose sentences which are not within the proposed guideline range.

> **II.    A SENTENCE OF 63 MONTHS IS THE MOST REASONABLE SENTENCE IN THIS CASE.**
>
> **A.    Background**.

Larry Poole was primarily raised in the Baltimore metropolitan area and he had a "difficult"

childhood. His childhood was difficult due largely to the separation of his parents when Mr. Poole was only nine years of age. PSR, ¶ 49. The separation of his parents was a hardship on Mr. Poole and it caused great instability in his life. After the divorce of his parents, Mr. Poole lived with his mother in Westminister, Maryland for about three years. PSR, ¶ 50. Mr. Poole then moved to Jackson Hole, Wyoming to live with his father for about one year. Id.. After living with his father, Mr. Poole moved back to Westminster and resided with his grandparents. Id.. Mr. Poole "remained with his grandparents until he moved on his own in 1981." Id..

With regard to Mr. Poole's educational background, he was able to obtain his GED by taking night courses at a highschool in Maryland. PSR, ¶ 59. Mr. Poole continued with his education by attending Catonsville Community College. Id.. At this college, Mr. Poole "began taking a general course load." Id.. Additionally, in the year 2000, Mr. Poole earned an Emergency Medical Technician (EMT) license in Baltimore County. PSR, ¶ 60.

Mr. Poole has been gainfully employed for the past ten years. From about 1996 to 2000, Mr. Poole was employed as a carpenter for various companies. PSR, ¶ 64. Between about 2000 and 2004, Mr. Poole worked at St. Agnes Hospital.[2] PSR, ¶ 63. Mr. Poole's duties at the hospital initially involved repairing medical equipment and he was promoted to a bio-medical technician position in 2003. Id.. St. Agnes Hospital described Mr. Poole as a 'good, dependable employee.' Id.. The hospital further stated that '[t]here were no problems [with Mr. Poole] and he showed up on time.' Id.. Mr. Poole left the job at the hospital as a result of his 2004 Child Abuse conviction and he returned to carpentry work from 2004 to 2006. PSR, ¶¶ 62 & 63.

---

[2] Court records indicate that the time period in which Mr. Poole worked at St. Agnes Hospital may have been between 1998 and 2003.

In 1984, Mr. Poole married Robin Barnhill.[3]  PSR, ¶ 51.  During their marriage, the couple had two children together.[4]  Id..  About fifteen years after getting married, Mr. Poole learned that he was suffering from depression.  In the year 2000, Mr. Poole was "diagnosed with depression and he sought counseling from a psychologist at the Sheppard-Pratt Hospital in Baltimore County."  PSR, ¶ 55.  Between about 2000 and 2004, Mr. Poole attended counseling sessions.  Id..  Mr. Poole remained married during this emotionally difficult period and he remains married at the present moment.  PSR, ¶ 51.  Despite the difficulties Mr. Poole has endured, he and his wife "enjoy a close relationship."  Id..  At the time of Mr. Poole's arrest, he did not reside with his family due to a court order in connection with his prior Child Abuse conviction.  Id..

Mr. Poole has expressed remorse for his conduct in this case and he has significant family support.  During his Presentence Interview, Mr. Poole "expressed remorse for his actions in this case and he indicated he would never become involved in any situation like this again."  PSR, ¶ 13.  Mr. Poole's wife advised the Presentence Report writer that "she and the defendant's family are still remaining supportive of him and they want to help him in any way possible."  PSR, ¶ 52.  Ms. Poole also stated that she believes that "less prison time and more counseling would benefit the defendant."  Id..

Ms. Poole has recently reaffirmed her support for Mr. Poole by submitting to undersigned counsel a letter in support of Mr. Poole.  See Exhibit 1.  In her letter, Ms. Poole states that she is attempting to find ways to help Mr. Poole with his problems and that she believes "it would help

---

[3] Ms. Poole's wife is now known as "Robin Poole."

[4] Mr. Poole and his wife have a son and a daughter.  Their Daughter is currently sixteen years of age and their son is ten years of age.

[her] family and society if Larry spent less time in jail and more time getting help and working." Mr. Poole's son, Zachary Poole, also wrote a letter in support of Larry Poole. See Exhibit 2. In his letter, Zachary Poole states that he misses his father "very much" and he asks this Court to "[p]lease think about not making [his] Dad stay in jail for a long time."

Mr. Poole's sister, Carla Lee Poole, describes Larry Poole as "an extremely talented, intelligent, hard-working and caring human being." See Exhibit 3. She further states that Mr. Poole "is an excellent custom carpenter and has always worked hard to support himself and family." Id.. Mr. Poole's sister advises that her "whole family supports and loves Larry" and that they "will ALWAYS be here to support him in any way possible and to encourage and assist in any treatment necessary." Id.. Mr. Poole's mother and niece have also written letters in which they express support for Mr. Poole. See Exhibits 4 & 5.

**B.    18 U.S.C. § 3553(a) Factors**.

A sentence of 63 months is a sentence which is within the advisory sentencing guidelines range and it is a sentence which is reasonable when considering the factors set forth in 18 U.S.C. § 3553(a). A sentence of 63 months will more than adequately reflect the seriousness of Mr. Poole's offenses. See 18 U.S.C. § 3553(a)(2)(A). Significantly, Mr. Poole's conduct did not involve any actual sex acts with any individuals and Mr. Poole did not participate in the distribution of any pornographic material. Additionally, Mr. Poole has shown remorse for his conduct and he is seeking treatment for the problems which have motivated him to commit such offenses. For these same reasons, a sentence of 63 months is also consistent with promoting respect for the law and with providing just punishment for Mr. Poole's offenses. See 18 U.S.C. § 3553(a)(2)(A).

Considering that 63 months is a considerable amount of time to be incarcerated, the sentence

Mr. Poole is seeking will provide ample deterrence for Mr. Poole and anyone else who may consider committing similar crimes. See 18 U.S.C. § 3553(a)(2)(B). Additionally, considering that Mr. Poole has never been previously sentenced to a period of incarceration, a 63 months sentence will have a tremendous deterrent effect on Mr. Poole.

Incarcerating Mr. Poole for a period of 63 months will surely protect the community against any further crimes Mr. Poole may commit. After serving 63 months, Mr. Poole will reenter society with sufficient rehabilitative treatment and with a strong desire to never again engage in conduct that could result in his incarceration. Therefore, a sentence of 63 months will adequately protect the public from any further crimes on the part of Mr. Poole. 18 U.S.C. § 3553(a)(2)(C).

A 63 months sentence will also provide ample time for Mr. Poole to receive the rehabilitative treatment he greatly needs and strongly desires. Therefore, the sentence requested by Mr. Poole is consistent with providing Mr. Poole with needed correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D).

Finally, when considering the nature and circumstances of the offenses along with the history and characteristics of Mr. Poole,[5] a sentence of 63 months is warranted. Clearly, Mr. Poole's motivation for committing the instant offenses are rooted in some problems Mr. Poole must address. Mr. Poole and his family are committed to a treatment program which will most effectively combat his problems. Other than Mr. Poole's sexual issues, Mr. Poole has lived a responsible and law abiding life. For these reasons, Mr. Poole requests that he be sentenced within the advisory guidelines range to a period of 63 months.

---

[5] See 18 U.S.C. § 3553(a)(1).

Respectfully submitted,
A.J. Kramer
Federal Public Defender


_____/s/_____
Tony W. Miles
Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500